UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAISHEME WORLDS,                    )
   Plaintiff,                    )
                        )
vs.                                 )        No. 17-1232
                        )
PAUL BLACKWELL, et al.,              )
   Defendants                   )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint.  The

Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through

such process to identify and dismiss any legally insufficient claim, or the entire action if

warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Sergeant Paul Blackwell, Nurse

Jane Doe, and Adjustment Committee Members Chad Brown and Tina Farr violated his

constitutional rights at Pontiac Correctional Center.  Plaintiff says on June 6, 2016, an

extraction team was removing an inmate from segregation when they reached the

hallway in front of the Health Care Unit.  Plaintiff was a protective custody inmate who

was able to observe the extraction from "a secure, walled off, holding tank through a

small, metal-mesh window in the Health Care Unit." (Comp., p. 4).  Defendant

Blackwell ordered Plaintiff away from the window.  Plaintiff says he began to take a

step back, but before he could fully comply, Sergeant Blackwell "sprayed a copious

amount of O.C. spray" inside the holding tank. (Comp., p. 4-5). Defendant Blackwell then made derogatory comments to the Plaintiff.

Plaintiff was told to kneel in the hallway of the Health Care Unit and a nurse ordered him to put his head back and open his eyes so she could flush his eyes with solution. Plaintiff says he told the nurse he could not open his eyes because the Sergeant had sprayed the chemicals directly into his eyes and he was in pain. Plaintiff claims the nurse did not properly flush his eyes.

Dr. Tilden next ordered Nurse Jane Doe to again flush Plaintiff's eyes and allow Plaintiff to take a shower to remove any chemicals from his body. Nonetheless, the nurse took no further steps to assist the Plaintiff. Plaintiff says he did not receive a shower for one week and he suffered in pain with no opportunity to wash his skin or flush his eyes during that time.

On June 7, 2016, Plaintiff received a copy of a disciplinary ticket based on the chemical spray incident which accused him of attempted staff assault and disobeying a direct order. The report accused Plaintiff of attempting to spit at the officers and refusing multiple orders to step away from the window. Plaintiff asked the committee to speak to other inmates in the area who witnessed the events. Nonetheless, when Plaintiff appeared before Adjustment Committee Members Brown and Farr on June 17, 2016, they had not spoken to his witnesses. Plaintiff was ultimately found guilty of both charges. As a result, he received one month in segregation, one month "c" grade status, and a contact visit restriction.

Plaintiff says the named Defendants either used excessive force against him, were deliberately indifferent to a serious medical condition, or violated his due process rights.

It is not clear from the pleadings whether Plaintiff will be able to proceed with his excessive force claim since Plaintiff was disciplined as a result of the same incident. Plaintiff is admonished that unless he can demonstrate the disciplinary ticket has been expunged, he will not be able to contradict the disciplinary judgment. *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). In other words, Plaintiff will not be able to deny he refused several orders to step back from the window, nor that he attempted to spit at the officer. However, for the purposes of notice pleading, the Court will allow Plaintiff to proceed with his excessive force claim against Defendant Blackwell based only on the amount of O.C. spray used. *See Soto v Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984).

Plaintiff has also alleged Nurse Jane Doe violated his Eighth Amendment rights when she either delayed or denied medical care for his eyes on June 6, 2016. However, Plaintiff has not articulated a due process claim based on the disciplinary proceedings. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994). In this case, Plaintiff has not alleged the Defendants interfered with a liberty or property interest. For instance, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life.'"
*Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin v Conner*, 515 U.S. 472,
484 (1995); *see also See Urias-Urias v Youell*, 2006 WL 1120434 at 2 (C.D.Ill. April 26,
2006)("The Eighth Amendment to the constitution prohibits 'cruel and unusual
punishment,' but segregation alone is generally not considered cruel and unusual
punishment."). The Seventh Circuit Court of Appeals has further noted "an inmate's
liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms
of segregated confinement of six months or less generally do not violate due process.
*Marion v Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)(collecting cases); *see also*
*Lekas v Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(90 days in disciplinary segregation did
not violate due process); *Hoskins v Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005)(60 days in
disciplinary segregation did not violate due process).

In addition, none of the other disciplined imposed by the Adjustment Committee
involves a liberty or property interest. *See Moore v. Pemberton*, 110 F.3d 22, 23 (7th
Cir.1997) (two weeks denial of commissary privileges does not implicate liberty
interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (30 days denial of
commissary does not create a liberty interest); *Whitford v Boglino*, 63 F.3d 527, 533 FN. 7
(demotion to C-grade for six months does not implicate federal due process rights).
Therefore, Plaintiff cannot demonstrate the first prong of a due process claim and
cannot demonstrate a violation of his constitutional rights.

Finally, Plaintiff has filed a motion for appointment of counsel [5] and a motion
to supplement his motion for appointment of counsel. [6] Plaintiff has no constitutional

right to representation and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has written to two different organizations seeking representation. It is doubtful this qualifies as a reasonable attempt to find counsel. Nonetheless, Plaintiff appears competent to represent himself based on the current record. Plaintiff's complaint clearly and coherently sets forth the basis for his claims and the involvement of each Defendant. Although Plaintiff's claim involves a medical condition, his eye pain due to chemical spray is not a complex medical condition which is outside the understanding of a lay person. Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Once the Defendants are served, the Court will hold a hearing pursuant to Federal Rule of Civil Procedure 16 to review the case and set a discovery schedule. In

addition, the Court will enter a Scheduling Order which provides important information to assist a pro se Plaintiff. Therefore, Plaintiff's motions are denied. [5,6].

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: 1) Defendant Sergeant Paul Blackwell used excessive force against the Plaintiff based on an excessive use of pepper spray on June 6, 2016; and 2) Nurse or Correctional Medical Technician Jane Doe was deliberately indifferent to Plaintiff's resulting eye and skin pain when she denied or delayed care. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Adjustment Committee Members Chad Brown and Tina Farr for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) deny Plaintiff's motions for appointment of counsel with leave to renew, [5,6]; 3) attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 25thday of September, 2017.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE